1  LAW OFFICES OF STEPHENSON,
2  ACQUISTO & COLMAN, INC.
   BARRY SULLIVAN, ESQ.     (SBN 9879)
3  JIN HEE PARK, ESQ.        (SBN 10357)
4  bsullivan@sacfirm.com
   jhpark@sacfirm.com
5  303 N. Glenoaks Blvd., Suite 700
6  Burbank, CA 91502
   Telephone:  (818) 559-4477
7  Facsimile:  (818) 559-5484

8  Attorneys for Plaintiff
9  LUCILE SALTER PACKARD CHILDREN'S
   HOSPITAL AT STANFORD
10

11

12              UNITED STATES DISTRICT COURT

13

14              FOR THE DISTICT OF IDAHO

15  | LUCILE SALTER PACKARD | Case No.: |
16  | CHILDREN'S HOSPITAL AT | |
    | STANFORD, a California nonprofit | COMPLAINT FOR DAMAGES FOR: |
17  | corporation, | |
18  | | 1.    BREACH OF IMPLIED-IN- |
    | Plaintiff, | FACT CONTRACT; and |
19  | vs. | |
20  | IDAHO AGC SELF-FUNDED | 2.    *QUANTUM MERUIT* |
21  | BENEFIT TRUST, a voluntary | |
    | employees benefit association pursuant | |
22  | to 26 U.S.C. § 501(c)(9), BLUE CROSS | |
23  | OF IDAHO HEALTH SERVICES INC. | |
    | d/b/a BLUE CROSS OF IDAHO and | |
24  | DOES 1 THROUGH 25, INCLUSIVE, | |
25  | | |
    | Defendants. | |
26

27

28

FC 22738

- 1 -   COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
        IMPLIED-IN-FACT CONTRACT; and 2. *QUANTUM MERUIT*

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff  LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD ("LUCILE PACKARD CHILDREN'S HOSPITAL") is a nonprofit corporation organized and existing pursuant to the laws of the State of California.  LUCILE PACKARD CHILDREN'S HOSPITAL has its principal place of business in the City of Palo Alto, County of Santa Clara, State of California.  LUCILE PACKARD CHILDREN'S HOSPITAL renders medically necessary care to patients.

2.      Defendant  IDAHO AGC SELF-FUNDED BENEFIT TRUST ("IDAHO BENEFIT TRUST") is a voluntary employees benefit association organized and existing pursuant to the laws of the United States of America, specifically 26 U.S.C. § 501(c)(9).  IDAHO BENEFIT TRUST has its principal place of business in the City of Boise, State of Idaho.  Among other things, IDAHO BENEFIT TRUST is in the business of arranging; providing, and/or paying for the provision of health care services to its enrollees.  IDAHO BENEFIT TRUST administers its healthcare services through a network of private health insurances, including, but not limited to, BLUE CROSS OF IDAHO HEALTH SERVICES, INC. d/b/a BLUE CROSS OF IDAHO.

3.      Defendant  BLUE CROSS OF IDAHO HEALTH SERVICES, INC. d/b/a BLUE CROSS OF IDAHO ("BCI") is a corporation that does business in Idaho and is organized and existing pursuant to the laws of the State of Idaho.  It has its principal place of business in the City of Meridian, State of Idaho.  Among other things, BCI sponsors and administers health plans pursuant to written agreements with an employer, state or federal agency, or other organizations that specifies the services to be covered under the plans.  At all times relevant hereto

FC 22738

COMPLAINT FOR DAMAGES FOR: 1. BREACH OF IMPLIED-IN-FACT CONTRACT; and 2. *QUANTUM MERUIT*

1  BCI was the third-party administrator for IDAHO BENEFIT TRUST as its agent.

2  BCI was vested with the discretion to provide general administrative services and

3  benefit payment services to IDAHO BENEFIT TRUST in accordance with the

4  terms of the written agreement between IDAHO BENEFIT TRUST and BCI.

5

6        4.     LUCILE PACKARD CHILDREN'S HOSPITAL is unaware of

7  the true names and capacities, whether corporate, associate, individual, partnership

8  or otherwise of defendants Does 1 through 25, inclusive, and therefore sues such

9  defendants by such fictitious names.  LUCILE PACKARD CHILDREN'S

10  HOSPITAL will seek leave of the Court to amend this complaint to allege their

11  true names and capacities when ascertained.

12

13        5.     Defendants IDAHO BENEFIT TRUST, BCI and Does 1

14  through 25, inclusive, shall be collectively referred to as "DEFENDANTS."

15

16        6.     This Court has subject matter jurisdiction over this action

17  pursuant to 28 U.S.C §1332 because the matter in controversy alleged herein

18  involves diversity of citizenships of the parties.  For the purposes of jurisdiction,

19  LUCILE PACKARD CHILDREN'S HOSPITAL is a citizen of California and

20  IDAHO BENEFIT TRUST and BCI are citizens of Idaho.

21

22        7.     This Court has personal jurisdiction over defendant because the

23  DEFENDANTS transact business within the State of Idaho, have contracted with

24  and provided health benefits to individuals residing within the State of Idaho, and

25  have committed the acts and/or omissions giving rise to this lawsuit within the

26  State of Idaho.

27

28        8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391

FC 22738

- 3 -  COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
IMPLIED-IN-FACT CONTRACT; and 2. *QUANTUM MERUIT*

1   because DEFENDANTS reside within this district.

2

3       9.      At all relevant times each of the defendants, including the

4   defendants named "Doe," was and is the agent, employee, employer, joint venturer,

5   representative, alter ego, subsidiary, and/or partner of one or more of the other

6   defendants, and was, in performing the acts complained of herein, acting within the

7   scope of such agency, employment, joint venture, or partnership authority, and/or

8   is in some other way responsible for the acts of one or more of the other

9   defendants.

10

11                      COMMON FACTUAL BACKGROUND

12

13       1.      At all relevant times, LUCILE PACKARD CHILDREN'S

14   HOSPITAL entered into a Blue Cross and Blue Shield National Transplant

15   Network agreement with Blue Cross and Blue Shield Association ("BCBSA"), a

16   non-party to this action, as a provider of medically necessary transplant care for the

17   benefit of all enrollees of health plans that were or would be registered to access

18   the Blue Cross and Blue Shield National Transplant Network (the "BCBS National

19   Transplant Network Agreement").

20

21       2.      BCBSA contracts with networks of health plans or third-party

22   administrators.  The Blue Cross and Blue Shield National Transplant Network

23   allowed for more patients to be directed to the network facilities and provided

24   discount rates to the network health plans.

25

26       3.      BCI was in network with BCBSA for the transplant services.

27   IDAHO BENEFIT TRUST accessed the BCBSA Network and the discounted rates

28   through its third-party administrator BCI, because IDAHO BENEFIT TRUST had

FC 22738

- 4 -      COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
IMPLIED-IN-FACT CONTRACT; and 2. *QUANTUM MERUIT*

1    an agreement with BCI to gain access to the BCBS National Transplant Network

2    and the BCBS National Transplant Network Agreement Rates through the

3    BlueCard® Program.

4

5          4.    Under the BCBS National Transplant Network Agreement,

6    LUCILE PACKARD CHILDREN'S HOSPITAL agreed to render medically

7    necessary transplant related care to the individual enrollees of IDAHO BENEFIT

8    TRUST health plan; in exchange, IDAHO BENEFIT TRUST, through and by its

9    administrator BCI, agreed to pay LUCILE PACKARD CHILDREN'S HOSPITAL

10   the negotiated rates pursuant to the terms of the BCBS National Transplant

11   Network Agreement for that care rendered to IDAHO BENEFIT TRUST's

12   enrollees.

13

14         5.    In general, the negotiated rates under the BCBS National

15   Transplant Network Agreement is a discount off of LUCILE PACKARD

16   CHILDREN'S HOSPITAL's usual, customary and regular total billed charges (the

17   "BCBS National Transplant Network Agreement Rates").

18

19         6.    At all relevant times, DEFENDANTS agreed to pay LUCILE

20   PACKARD CHILDREN'S HOSPITAL for the medically necessary care rendered

21   to the individual enrollees of IDAHO BENEFIT TRUST health plan at the BCBS

22   National Transplant Network Agreement Rates.

23

24         7.    LUCILE PACKARD CHILDREN'S HOSPITAL is informed

25   and believes and thereon alleges that at all relevant times Patient TT[1] (with

26

27   _____

     [1]    In deference to the Patients' privacy concerns enumerated in Cal. Const. Art. I, § 1 as
28          well as the Health Insurance Portability and Accountability Act of 1996 (42 U.S.C. §§
     *Continued on next page*

     FC 22738

COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
                                                                    IMPLIED-IN-FACT CONTRACT; and 2. *QUANTUM MERUIT*

1 Subscriber ID No. AMG970546659) was an enrollee of IDAHO BENEFIT

2 TRUST's health plan.

3

4          8.      At all relevant times, IDAHO BENEFIT TRUST held itself out

5 to be the responsible payer for the medically necessary care provided to Patient

6 TT.

7

8          9.      On or about June 19, 2014, LUCILE PACKARD

9 CHILDREN'S HOSPITAL received a request for a heart transplant evaluation for

10 Patient TT from BCI, an agent of IDAHO BENEFIT TRUST.

11

12          10.     On or about September 26, 2014, LUCILE PACKARD

13 CHILDREN'S HOSPITAL received an authorization letter from BCI approving

14 the heart transplant procedure.  The authorization was valid through September 24,

15 2015.

16

17          11.     Thereafter, BCI worked with LUCILE PACKARD

18 CHILDREN'S HOSPTIAL to coordinate the pending medically necessary care to

19 Patient TT.

20

21          12.     On or about April 20, 2015, LUCILE PACKARD

22 CHILDREN'S HOSPITAL admitted Patient TT to its facility and notified BCI of

23 the admission.   In response, BCI affirmed the admission was authorized by

24 providing authorization number 140924123.

25

26

27          1320d *et seq.*), LUCILE PACKARD CHILDREN'S HOSPITAL omitted here
information sufficient to reveal the identity of Patients.
28

FC 22738                                                    - 6 -     COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
                                                                      IMPLIED-IN-FACT CONTRACT; and 2. *QUANTUM MERUIT*

1    13.    LUCILE PACKARD CHILDREN'S HOSPITAL rendered

2  medically necessary care to Patient TT from April 17, 2015 through May 19, 2015.

3

4    14.    At all relevant times, IDAHO BENEFIT TRUST and/or its

5  agent BCI authorized the medical services rendered to the Patient TT and verified

6  Patient TT's eligibility and benefits.

7

8    15.    LUCILE PACKARD CHILDREN'S HOSPITAL's usual,

9  customary and regular total billed charges for the medically necessary care

10  rendered to Patient TT from April 17, 2015 through May 19, 2015, amounted to

11  $2,542,301.39.

12

13    16.    LUCILE PACKARD CHILDREN'S HOSPITAL timely and

14  properly submitted to BCI, the agent of IDAHO BENEFIT TRUST, the bill for

15  payment for the medically necessary care rendered to Patient TT.

16

17    17.    On or about September 24, 2015, BCI, the agent of IDAHO

18  BENEFIT TRUST, confirmed that the medically necessary care rendered to Patient

19  TT from April 17, 2015 through May 19, 2015 would be reimbursed in accordance

20  with the BCBS National Transplant Network Agreement Rates, which amounted to

21  $1,779,610.97.

22

23    18.    IDAHO BENEFIT TRUST paid only $677,196.51.

24

25    19.    Despite demands thereof, IDAHO BENEFIT TRUST refused to

26  pay LUCILE PACKARD CHILDREN'S HOSPITAL the outstanding amount due.

27

28  /////

FC 22738

- 7 -    COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
IMPLIED-IN-FACT CONTRACT; and 2. *QUANTUM MERUIT*

## FIRST CAUSE OF ACTION

### (Breach-of-Contract Implied-in-Fact)

### (Against all DEFENDANTS)

20.     LUCILE PACKARD CHILDREN'S HOSPITAL incorporates by reference and re-alleges paragraphs 1 through 19 here as though set forth in full.

21.     This case is subject to the BCBS National Transplant Network Agreement, effective August 1, 1997, and the applicable amendments.

22.     By virtue of the conduct described above, LUCILE PACKARD CHILDREN'S HOSPITAL and IDAHO BENEFIT TRUST, by and through its agent BCI, entered into an implied-in-fact contract, which was created when BCI authorized the medically necessary services to Patient TT, who was an enrollee of IDAHO BENEFIT TRUST's health plan; and LUCILE PACKARD CHILDREN'S HOSPITAL agreed to provide medically necessary care to Patient TT in exchange for reimbursement by IDAHO BENEFIT TRUST at the BCBS National Transplant Network Agreement Rates.

23.     LUCILE PACKARD CHILDREN'S HOSPITAL complied with all, or substantially all of the material provisions of the implied-in-fact contract (*i.e.*, it rendered medically necessary care to Patient TT).

24.     All conditions required for IDAHO BENEFIT TRUST's performance have occurred.

25.     IDAHO BENEFIT TRUST breached the implied-in-fact contract by underpaying LUCILE PACKARD CHILDREN'S HOSPITAL, leaving

an outstanding amount of $1,102,414.46 for the medically necessary care rendered to Patient TT by LUCILE PACKARD CHILDREN'S HOSPITAL, despite demand therefor.

26.   As a direct and proximate result of IDAHO BENEFIT TRUST's misconduct, LUCILE PACKARD CHILDREN'S HOSPITAL has been damaged in the amount of $1,102,414.46.

## SECOND CAUSE OF ACTION
### (Common Count – *Quantum Meruit*)
### (Against all DEFENDANTS)

27.   LUCILE PACKARD CHILDREN'S HOSPITAL incorporates by reference and re-alleges paragraphs 1 through 19 here as though set forth in full.

28.   In the alternative, should it be found no contractual relationship exists between LUCILE PACKARD CHILDREN'S HOSPITAL and IDAHO BENEFIT TRUST, LUCILE PACKARD CHILDREN'S HOSPITAL should nevertheless be fully paid under the theory of *quantum meruit*.

29.   The doctrine of *quantum meruit* permits recovery of the reasonable value of the services rendered or the materials provided. *Bakker v. Thunder Spring-Wareham, LLC* (2005) 141 Idaho 185, 191.

30.   LUCILE PACKARD CHILDREN'S HOSPITAL is informed and believes and thereon alleges that IDAHO BENEFIT TRUST promised its beneficiaries (including the Patient TT or her representatives) it would arrange for

and/or pay for medically necessary care needed by them.  Accordingly, when LUCILE PACKARD CHILDREN'S HOSPITAL rendered medically necessary care to Patient TT, IDAHO BENEFIT TRUST benefited because LUCILE PACKARD CHILDREN'S HOSPITAL thereby assisted IDAHO BENEFIT TRUST in meeting its obligation to arrange for and/or pay for medically necessary care to its enrollees, including Patient TT.

31.     By its words and/or conduct, including the provision of an authorization number, IDAHO BENEFIT TRUST and/or its agent BCI requested that LUCILE PACKARD CHILDREN'S HOSPITAL provide Patient TT with medically necessary care.

32.     Acting pursuant to IDAHO BENEFIT TRUST's implied and/or express request, LUCILE PACKARD CHILDREN'S HOSPITAL provided medically necessary care to Patient TT.

33.     LUCILE PACKARD CHILDREN'S HOSPITAL's rendering of medically necessary care to Patient TT was intended to, and did, benefit Patient TT, and therefore IDAHO BENEFIT TRUST.

34.     For rendering the medically necessary care to Patient TT, LUCILE PACKARD CHILDREN'S HOSPITAL reasonably expected IDAHO BENEFIT TRUST to fully reimburse LUCILE PACKARD CHILDREN'S HOSPITAL its billed charges at its usual, customary and regular rates.

35.     LUCILE PACKARD CHILDREN'S HOSPITAL's billed charges for the medically necessary care it rendered to Patient TT amounted to $2,542,301.39.

1             36.    IDAHO BENEFIT TRUST paid $677,196.51, but refused to

2 pay the remaining balance of $1,865,104.88, despite demands therefor.

3

4             37.    Within the past four years, LUCILE PACKARD CHILDREN'S

5 HOSPITAL demanded IDAHO BENEFIT TRUST and/or its agent pay for the

6 medically necessary care rendered to Patient TT but IDAHO BENEFIT TRUST

7 refused.

8

9             38.    As a result of IDAHO BENEFIT TRUST's misconduct,

10 LUCILE PACKARD CHILDREN'S HOSPITAL has suffered damages in an

11 amount to be proven at trial according to proof but which exceeds $1,865,104.88,

12 exclusive of interest.

13

14 **<u>PRAYER FOR RELIEF</u>**

15

16 WHEREFORE, LUCILE PACKARD CHILDREN'S HOSPITAL prays for

17 judgment as follows:

18

19 For the First Cause of Action stated herein:

20             1.    for the principal sum of $1,102,414.46;

21             2.    for all costs of suit incurred herein;

22             3.    for interest penalties;

23             4.    for all other damages allowed by law;

24             5.    for prejudgment interest;

25             6.    for interest, costs and attorney's fees pursuant Idaho Code § 12-

26 201(3) and Idaho Code § 41-1839 or any other applicable state or federal laws;

27             7.    for interest on such principal sum at the rate of 12% per annum,

28 pursuant to Idaho Code § 28-22-104;

FC 22738

COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
IMPLIED-IN-FACT CONTRACT; and 2. *QUANTUM MERUIT*

8.    for such other and further relief as the Court deems just and equitable.

For the Second Cause of Action stated herein:

9.    for the principal sum of $1,865,104.88;

10.    for all costs of suit incurred herein;

11.    for interest penalties;

12.    for all other damages allowed by law;

13.    for prejudgment interest;

14.    for interest, costs and attorney's fees pursuant Idaho Code § 12-201(3) and Idaho Code § 41-1839 or any other applicable state or federal laws;

15.    for interest on such principal sum at the rate of 12% per annum, pursuant to Idaho Code § 28-22-104;

16.    for such other and further relief as the Court deems just and equitable.

Dated: May 17, 2019

STEPHENSON, ACQUISTO & COLMAN, INC.

/s/JIN HEE PARK

BARRY SULLIVAN
JIN HEE PARK
Attorneys for
LUCILE SALTER PACKARD CHILDREN'S
HOSPITAL AT STANFORD

FC 22738

- 12 -

COMPLAINT FOR DAMAGES FOR: 1. BREACH OF
IMPLIED-IN-FACT CONTRACT; and 2. *QUANTUM MERUIT*